1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    CRAIGSLIST, INC.,                          No. C 09-4739 SI
9              Plaintiff,                       **ORDER GRANTING PLAINTIFF'S
                                                MOTION TO SERVE DEFENDANT BY
10     v.                                       ALTERNATE MEANS**
11   CHRISTOPHER MEYER, JOHN DOE d/b/a
     CLBOTPRO.COM AND
12   CRAIGSLISTBOTPRO.COM; AND DOES 3
     THROUGH 25, INCLUSIVE
13
14             Defendants.
                                         /
15

United States District Court
For the Northern District of California

16          Plaintiff's motion to serve defendant Christopher Meyer by alternate means is currently

17   scheduled for hearing on July 30, 2010.  Pursuant to Civil Local Rule 7-1(b), the Court finds that this

18   matter is appropriate for resolution without oral argument and hereby VACATES the hearing.  For the

19   reasons set forth below, the Court GRANTS the motion.

20

21                                     **BACKGROUND**

22          On November 5, 2009, plaintiff craigslist, Inc. filed a complaint against defendants John Doe

23   d/b/a Clbotpro.com and craigslistbotpro.com, and Does 2 through 25, inclusive, alleging violations of

24   federal copyright and trademark law, the Computer Fraud and Abuse Act, California Penal Code § 502,

25   California trademark law, as well as contract claims and fraud.

26          On October 21, 2009, plaintiff moved for and was granted leave to conduct expedited third-party

27   discovery on the online service providers, payment processors, and privacy registrants for defendant's

28   websites.  According to plaintiff, as a result of that discovery, plaintiff learned defendant Meyer was the

United States District Court
For the Northern District of California

1  Registrant Contact, Administrative Contact, Technical Contact, and Billing Contact for the domain

2  names clbotpro.com and craigslistbotpro.com.  FAC ¶ 12.  On February 26, 2010, plaintiff filed the first

3  amended complaint and named Christopher Meyer as a defendant.

4       Plaintiff craigslist, Inc. is a California-based company incorporated in Delaware that operates

5  the website, www.craigslist.org ("craigslist"), which provides localized online classified ad placements

6  and related online services.   The FAC alleges that defendant Meyer operates Clbotpro.com and

7  craigslistbotpro.com, both of which purportedly sell programs that allow the automated postings of ads

8  on craigslist, including by circumventing craigslist security measures and other violations of craiglist's

9  Terms of Use ("TOU").  *Id.* ¶ 83.  Plaintiff alleges that auto-posting software allows the placement of

10  large numbers of redundant, miscategorized, and/or mislocated ads on craigslist that disrupt the use of

11  craigslist services and places a heavier burden on plaintiff's computer systems.  *Id.* ¶¶ 77-81.

12       Plaintiff's counsel Jeremy Buxbaum states in his declaration that "craigslist made more than ten

13  unsuccessful attempts to serve defendant Meyer."  Buxbaum Decl. ¶ 8.  These service attempts were

14  based on information gleaned  from plaintiff's investigation, including the third-party discovery.  *Id.* ¶

15  9.  Based on its investigation, plaintiff believes that Meyer is likely residing in Thailand, but  plaintiff

16  does not know Meyer's physical address.  *Id.* ¶¶ 11, 12.  Plaintiff also believes Meyer is associated with

17  and regularly uses certain email addresses including but not limited to mediagulch@excite.com,

18  chris@interobang.com, clbotpro@gmail.com, support@craigslistbotpro.com, and sales@clbotpro.com.

19

20  **DISCUSSION**

21       Pursuant to Federal Rule of Civil Procedure 4(f)(3), plaintiff has moved to serve defendant

22  Christopher Meyer through alternate means, including by email and other electronic means.  Rule 4(f)(3)

23  permits the service of an individual at a place not within any judicial district of the United States by

24  "means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  Rule

25  4(f) does not "create a hierarchy of preferred methods of service of process" and, "court-directed service

26  under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2)."  *Rio Properties, Inc.,*

27  *v. Rio International Interlink*, 284 F.3d 1007, 1014, 1015 (9th Cir. 2002) (footnote omitted) (emphasis

28  omitted).  Under Rule 4(f)(3), a method of service must comport with constitutional notions of due

United States District Court

For the Northern District of California

process and must not violate any international agreement. *Rio Properties, Inc.*, 284 F.3d at 1015, 1016. A method of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016, 1017 (quoting *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)).

Plaintiff contends that service through email comports with due process because it is reasonably calculated to inform defendant of the impending action, and under the circumstances here, it is the *only* means of providing notice to defendant. In *Rio Properties*, the Ninth Circuit found that email was "the method most likely to reach" a defendant who operated a website from Costa Rica with no discoverable street address in either the United States or Costa Rica, and who only provided an email address as a contact. 284 F.3d at 1017-118. As in *Rio Properties*, plaintiff argues defendant Meyer has a business that is conducted entirely through the internet and that is structured such that Meyer can only be contacted through email. Furthermore, through its investigation, plaintiff states that it has been unable to determine a physical address for defendant Meyer in either the United States or Thailand and is thus unable to serve Meyer by any other means.

Plaintiff also contends there is no authority that states or implies that email service is prohibited by international agreement, or otherwise, in Thailand. Thailand is not a signatory of the Hague Service Convention, thus it does not apply[1], nor are there any other agreements that would prohibit service via email. *See Rio Properties*, 284 F.3d at 1016 (finding the Hague Service convention did not apply in Costa Rica because the country was not a signatory of the convention). In addition to *Rio Properties*, plaintiff cites two cases from this district for the proposition that service by email is not generally prohibited by international agreement. *See e.g.*, *Bank Julius Baer & Co. Ltd v. Wikileaks*, No. C 08-00824 JSW, 2008 WL 413737, at *2 (N.D. Cal. Feb. 13, 2008) (finding plaintiff has successfully demonstrated that service through email was not prohibited by an international agreement); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, WL 2007 1140639, at *2 (N.D. Cal.

---

[1] Plaintiff notes that even if Meyer is residing in one of the signatory nations, the result would be the same because Article 1 of the Hague Service Convention states that the Convention does not apply when the address of the person to be served is unknown.

April 17, 2007) (concluding that there was no showing that service by email was prohibited by an international agreement).

The Court agrees and finds that service of defendant Meyer through email is appropriate and that it comports with due process.  Plaintiff has demonstrated that despite third-party discovery and other investigation resulting in more than ten failed service attempts, plaintiff has been unable to obtain a physical address for Meyer.  Additionally, plaintiff has shown that because defendant has chosen to conduct business through the internet and list only email addresses as contact information, service through email will give defendant sufficient notice and the opportunity to respond.  The Court also finds that issuing an order allowing service via email would not be prohibited by international agreement.[2]

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to serve defendant Christopher Meyer by email.  (Docket No. 26).

**IT IS SO ORDERED.**

Dated: July 26, 2010.

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

---

[2] Plaintiff's motion is framed as seeking order authorizing service by alternate means, including by email and other electronic means.  However, plaintiff's motion only addresses service by email.

4